IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK LEE WEBB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JILL E. RANGOS, WILLIAM KEVIN )<br>TROWER, )<br>)<br>Defendants. ) | Civil Action No. 24-1019<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Presently before the Court is *pro se* Plaintiff Derek Lee Webb's "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on July 12, 2024. (Docket No. 1). Plaintiff brings claims for damages and injunctive relief against the Hon. Jill E. Rangos of the Court of Common Pleas of Allegheny County and his former court-appointed lawyer, William Kevin Trower, pursuant to 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983 arising out of criminal proceedings which ultimately resulted in him being convicted of several offenses and sentenced to a term of incarceration. (*Id.*). He has separately filed two habeas petitions challenging his detention and conviction at Civ. A. Nos. 24-23 and 24-566 which are not at issue here. *See Derek Lee Webb v. Orlando Harper et al.*, Civ. A. No. 24-23, Docket No. 4 (W.D. Pa. Jan. 5, 2024); *see also Derek Lee Webb v. Jill E. Rangos, et al.*, Civ. A. No. 24-566, Docket No. 1 (W.D. Pa. Apr. 16, 2024). After careful consideration of Plaintiff's Complaint and screening his allegations pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, Plaintiff's Motion [1] is granted as to his in forma pauperis status only but his Complaint is dismissed for failure to state a claim upon which relief can be granted.

1

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on

its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's claims set forth in his Complaint are subject to dismissal for several reasons. *See* 28 U.S.C. § 1915(e)(2). Initially, Plaintiff's claims against Judge Rangos in her official capacity are barred by Eleventh Amendment immunity because she is a Judge sitting in the Court of Common Pleas. *Gannaway v. Stroumbakis*, 842 F. App'x 725, 729 (3d Cir. 2021) ("the District Court held that the trial judge, as an employee of the judicial district, was entitled to Eleventh Amendment immunity from suit in his official capacity, and we agree."). Similarly, Plaintiff's claims against Judge Rangos in her individual capacity are barred by judicial immunity. *See e.g., Reihner v. Cnty. of Washington, Pennsylvania*, 672 F. App'x 142, 144 (3d Cir. 2016) (citing *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Therefore, all claims against Judge Rangos must be dismissed for failure to state a plausible claim and otherwise seek money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

With respect to Plaintiff's claims against Attorney Trower, the criminal statutes he has cited (18 U.S.C. §§ 241, 242) do not provide a basis for civil liability such that they are subject to dismissal for failure to state a claim. *Horsch v. Cantymagli*, No. 24-CV-1183, 2024 WL 1444020, at *3 (E.D. Pa. Apr. 3, 2024) (citing *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018)) ("Criminal statutes generally do not give rise to a basis for

3

civil liability."). He also brings claims under 42 U.S.C. § 1983 which "is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials," *Toyota Motor Credit Corp. v. Borough of Wyoming, PA*, No. 3:23-CV-00377, 2023 WL 7412941, at *2 (M.D. Pa. Nov. 9, 2023), but it is well established that court appointed attorneys like Attorney Trower are not state actors subject to suit under § 1983. *See e.g., Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) ("court-appointed attorneys are not state actors under § 1983"); *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). Hence, all of Plaintiff's claims against Attorney Trower must also be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2).

Finally, for essentially the same reasons, it is also clear that leave to amend would be futile such that leave to amend will be denied. *See Reihner v. Cnty. of Washington, Pennsylvania,* 672 F. App'x 142, 144 (3d Cir. 2016) (leave to amend was properly denied as futile because "[n]ot only did the Reihners fail to present any suggestion that they had their own claims against the defendants, but they also sued defendants against whom claims under § 1983 could not proceed.").

Based on the foregoing, the Court will grant Plaintiff's motion seeking in forma pauperis status but finds that Plaintiff's Complaint is subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). All of his claims will be dismissed, with prejudice, and leave to amend will be denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   July 23, 2024

cc/ecf:  Derek Lee Webb
1515 Duquesne Place Dr.
Apt. 2-215
Pittsburgh, PA 15110
(first class mail)